IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JORGE ADAN HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 2:25-CV-139-Z<br>(2:23-CR-021-Z-BR-5) |

## MEMORANDUM OPINION AND ORDER

Petitioner Jorge Adan Hernandez filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody. ECF No. 2. Having considered the motion, the response, the record and applicable authorities, the Court **DENIES** the motion for the reasons stated below.

### BACKGROUND

The record in Hernandez's underlying criminal case, No. 2:23-CR-021-Z-BR-5 (the "CR"), shows the following:

After pleading guilty to Distribution and Possession with Intent to Distribute Cocaine and Aiding and Abetting, Hernandez was sentenced to 105 months of imprisonment, followed by three years of supervised release. CR ECF No. 159. The Court entered judgement on November 1, 2023. CR ECF No. 159. On October 22, 2024, the Fifth Circuit Court of Appeals dismissed Hernandez's appeal as frivolous. CR ECF No. 324-1.

On June 23, 2025, the Court received Hernandez's Section 2255 motion, in which he asserts that his trial and appellate counsel were ineffective in failing to object to the two-level sentencing enhancement Hernandez received for maintaining a premises for distribution of a controlled substance. ECF No. 2 at 4. Respondent contends that Hernandez's

claim is meritless and that the enhancement was proper. ECF No. 8. Hernandez did not file a reply.

**STANDARD OF REVIEW**

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would result, if condoned, in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a

Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [her] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Hernandez's claims, as set forth below.

## ANALYSIS

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must

be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Hernandez claims that his trial and appellate counsel were ineffective for failing to object to his two-level sentencing enhancement for using his home to distribute methamphetamine and cocaine. ECF No. 2 at 3. Hernandez contends there was no evidence in either his Presentence Report ("PSR") or at sentencing to support the enhancement. *Id.* Accordingly, he claims, counsel was deficient in failing to object to the enhancement. *Id.*

The U.S. Sentencing Guidelines provide for a two-level increase if the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG Section 2D1.1(b)(12). In determining whether the enhancement is appropriate, the Court considers whether the defendant held a possessory interest in the premises and the extent to which he controlled access to, or activities at, the premises. *Id.*, cmt n. 17. "[D]istributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises," rather than an "incidental or collateral" use. *Id.* In addition, the defendant need not "be physically present or involved on a daily basis to maintain a premises for the purpose of the enhancement. Rather, the enhancement is flexible and adaptable to a variety of factual scenarios." *United States v. Guzman-Reyes*, 853 F.3d 260, 265 (5th Cir. 2017) (internal quotation omitted).

Therefore, the question before the Court is whether there was evidence to support the two-level enhancement. If so, Hernandez's counsel was not ineffective in failing to object or in failing to raise the issue on appeal. Counsel's "failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result

of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous arguments).

A sentencing court's factual findings must be supported by what it could fairly determine to be a preponderance of the evidence. *See United States v. Owens*, 94 F.4th 481, 487 (5th Cir. 2024) (citing *United States v. Sherrod*, 964 F.2d 1501, 1508 (5th Cir. 1992)). "When making factual findings for sentencing purposes, district courts may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *Owens*, 94 F.4th at 487 (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam) (internal quotation and citation omitted). "Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id.* Thus, the court "may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Id.* Hernandez does not dispute the accuracy of the PSR; instead, he disputes that the facts as recounted in the PSR were sufficient to support the enhancement.

The PSR shows that a confidential source ("CS") called Hernandez via Snapchat to initiate a controlled cocaine buy, and Hernandez told the CS to meet at Hernandez's residence. ECF No. 134-1 ¶ 16. The CS entered the residence first, and Hernandez arrived soon after. *Id.* Hernandez told the CS that he did not have the cocaine, but that his supplier was supposed to be at his house later that evening, and asked the CS to wait. *Id.* Hernandez called the supplier, and sent him a Snapchat picture of the $3,000 that the CS was using to purchase three ounces of cocaine. The supplier told Hernandez that he would "pick up the

cocaine from his residence and then go to Hernandez's residence but would take approximately one hour." *Id.* ¶ 17. Because he was unsure that the supplier would be able to provide the cocaine as planned, Hernandez sent a message to another supplier. While waiting for a response, Hernandez told the CS there was a fourth person who also could supply the cocaine. *Id.* ¶ 18.

Hernandez and the CS moved from the living room to the kitchen area, where the CS commented about seeing "cocaine being scattered all over the table" and Hernandez confirmed that it was, in fact, cocaine on his table. *Id.* ¶ 19. Ultimately, Hernandez arranged for them to meet the first supplier at a Toot n Totum in Amarillo to complete the purchase. *Id.* ¶ 20. The PSR also recounted a later cocaine purchase in which Hernandez participated that occurred at a co-conspirator's residence. *Id.* ¶ 23.

Hernandez contends that "no single transaction occurred at Hernandez's home. Nor was any drug paraphernalia found at his home." ECF No. 3 at 6. In short, he asks the Court to narrowly construe the acts constituting a drug transaction and limit the "transaction" to the actual exchange of money and drugs, which, as he correctly points out, did not occur in Hernandez's home. *See* CR ECF No. 134-1 ¶ 20. Hernandez asserts that "the enhancement is meant to capture drug dealers who use their homes to store, sell, or manufacture methamphetamine—not punish someone who happened to be at his home when he sent an electronic message about a drug deal, one that had no relation to his home." ECF No. 3 at 7.

Fifth Circuit precedent does not support Hernandez's narrow view. "A premises otherwise used as a family home that is also used for drug storage may suffice for the enhancement, even if no drug sales occurred there." *United States v. Loston*, No. 21-30772, 2022 WL 17352572 (5th Cir. Dec. 1, 2022) (quoting *United States v. Carrillo*, 689 F. App'x 334, 335 (5th Cir. 2017) (per curiam)). While the PSR does not indicate that large quantities

of drugs were stored at Hernandez's premises, it does show that white powder identified by Hernandez as cocaine was on his table. *See* ECF No. 134-1 ¶ 19. "In some circumstances, a district court may properly infer that a defendant maintained a drug premises even where drugs were found at the premises on a single occasion." *Loston*, 2022 WL 17352572 at *1 (citing *United States v. Lopez*, 750 F. App'x 349, 352 (5th Cir. 2018) (per curiam)). In general, the "evidentiary bar" for a premises enhancement "has not been set high." *United States v. Fonseca*, 834 F. App'x 75, 79 (5th Cir. 2020) (per curiam). The fact that Hernandez undisputedly facilitated the distribution of cocaine from his residence, combined with the presence of cocaine at his residence and his initial plan to conduct the sale at his residence, is sufficient to support the premises enhancement.

The PSR provides a sufficient evidentiary basis for the enhancement, and Hernandez fails to show that the facts recounted in the PSR are untrue. Nor does he show what evidence, if any, his counsel failed to provide at sentencing to contradict the PSR or to otherwise show that the premises enhancement was improper. When a defendant is "faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, [he] must offer rebuttal evidence demonstrating that those facts are materially untrue, inaccurate, or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation omitted). "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). Because Hernandez has offered no evidence that might controvert the facts that supported the enhancement, his claim of deficient performance fails. *See Miller*, 200 F.3d at 282.

Even if the enhancement were improper, however, Hernandez cannot show that he was prejudiced by the enhancement. The Court noted at sentencing that it would have

imposed the same sentence notwithstanding any error in calculating the guideline range. CR No. 220 at 28. For these reasons, Hernandez's motion to vacate is **DENIED** with prejudice.

**SO ORDERED.**

October 13, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE